# John v. Dallas County.

### Assumpsit.

(Decided April 28, 1906.   40 So. Rep. 962.)

*Counties; Collection of Taxes by Tax Commissioners; Liability.*— The tax commissioner has no authority to employ counsel to represent him before the assessment board and fix any liability upon the county for attorney's fees for such services. Such fees are payable alone out of the commissions allowed such commissioner. (Acts 1898-99, p. 195.)

APPEAL from Selma City Court.

Heard before Hon. J. W. MABRY.

Action by Samuel Will John against Dallas county. Judgment for defendant, and plaintiff appeals.

The facts sufficiently appear in the opinion of the court.

S. W. JOHN, for appellant.—A county in Alabama is a corporation with the power to sue and be sued, and assumpsit will lie against it even on an implied promise.—1 Dillon Mun. Corporations, Secs. 22 and 23; *Montgomery v. Barbour*, 45 Ala. 243; *Gas Co. v. San-Francisco*, 9 Cal. 469; *Argenty v. San Francisco*, 16 Cal. 283; *Selma v. Mullin*, 46 Ala. 414. Having accepted the service, the county was bound to pay reasonable compensation therefor.—Authorities supra; *Abbott v. Herman*, 7 Greenleaf, 118; *Clark v. Saline County*, 9 Neb. 516; *Chapman v. Dougless*, 100 U. S. 355; *Allen v. Lafayette*, 89 Ala. 646.

J. R. SATTERFIELD, for appellee.—Counsel discussed questions raised, but cites no authority.

DENSON, J.—This case, briefly stated, is as follows: In the year 1901 the tax commissioner of Dallas county, by the authority conferred on him by the act approved February 21, 1899, entitled "An act to amend an act to provide for the more efficient assessment and collection of taxes in the state of Alabama, approved February 3, 1899" (Acts 1898-99, p. 195), made additional assessments of the property of divers·persons in said county on the ground that such property had been given in to the assessor at an undervaluation. The commissioner returned his assessment to the board of revenue of the county, and the parties against whom the assessments were made filed contests against the assessments before the board. The plaintiff was employed as an attorney at law by the state tax commissioner, by and with the consent and approval of the governor, to represent the state and county on the trial of the contests before the board of revenue. He appeared before the board and performed the services required of him by the terms of his contract of employment. The assessments were sustained by the board, judgments were rendered against the parties, the judgments were collected by the county tax collector, who, after paying to the county tax commissioner 10 per cent. of the total amount of the judgments, paid into the county treasury the net sum of $1,050. The plaintiff presented to the board of revenue his claim for $105, which was properly itemized and sworn to, for services rendered, as he claimed, for the county on the trial of the said contests. The board of revenue disallowed the claim, whereupon the plaintiff instituted this suit against the county to recover the amount claimed.

The act referred to may be found in the General Acts of the General Assembly (Sessions 1898-99), at page 195. The seventeenth section (page 202) of the act authorizes the state tax commissioner, by and with the consent of the governor or attorney general, to employ

[John v. Dallas County.]

counsel in cases where it is deemed necessary, or expedient, in order to collect taxes, licenses, penalties, money, revenues, or property accruing to the state or any county thereof. The act, however, in the same section, expressly provides that said counsel shall not be paid by the state or counties, but by the commissioner, out of the 10 per cent. fees and penalties on the amount recovered, which shall accrue in such cases to him, under the provisions of the act. The act further provides that the 10 per cent. shall be paid to the commissioner by the officer collecting the same, out of the amount received in such cases. We may concede the correctness of the general principles of law contended for by the plaintiff (appellant here), and upon which he bases his right of recovery; but it is difficult to see how they can be applied to the facts of the case. We have seen that the state commisisoner had no authority to fasten any liability on the county for services rendered by the plaintiff.. Further, the written law prohibited any payment of such fees. by the county, and expressly provided that the commissioner should pay the fees out of the 10 per cent. fees which he was entitled to out of the amount of the recovery. It must be held that the contract of employment is referable alone to the act. The plaintiff knew the law at the time he rendered the services, and, while the county received the benefit of his services, under the law it had no power to object to them being rendered, and it is difficult to see why it should have made any objection, or how liability can be fastened upon it for receiving the money, when the law under which the special contract of employment was made expressly provides that the county shall not pay for such services. We are clear in our conclusion that the county is not liable in this action. There is no error in the record, and the judgment will be affirmed.

Affirmed.

HARALSON, DOWDELL, and ANDERSON, JJ., concur.